## PENNSYLVANIA MINING CO. *v.* OWENS & CO.

EJECTMENT for mining ground, the parties being owners of claims on opposite sides of the same hill.  Plaintiffs were an ordinary joint stock company, or common partnership, and claimed by purchase and transfer from the original members of the company.  The practice of the company was to issue to members, certificates of stock, and these certificates constituted the only evidence of membership recognized by the company, transfers being made by an assignment of the certificates, and a notice thereof in the books of the company.  On the trial, these certificates with the assignments, were read in evidence by plaintiffs, to show their interest in the ground, and their right to maintain the action, defendants objecting to them on the ground of irrelevancy, and that their execution was not proved.  *Held,* that the certificates, etc., were relevant to show possession in plaintiffs, but that their execution should have been proven.

In this case the Court instructed the jury 1st, that if they found that plaintiffs located their claim as now claimed, before the location of defendants' claim, then they should find for plaintiffs ; and 2nd, if they found that defendants never located any claim adjoining plaintiffs' claim, then they should find for plaintiffs. *Held,* that the instructions are wrong, as violating the principle that plaintiff must recover on the strength of his own title; that defendants, having been in actual possession for a long time, were not required to show anything beyond it, until a prior and paramount right was shown in plaintiffs ; that it was not essential to defendants' possession to show that they had ever formally *located* their claim in accordance with any mining regulations, or that they had or claimed any other mining ground.

APPEAL from the Tenth District.

For the two instructions of the Court, see syllabus.

The jury found for plaintiffs.  Judgment was entered, perpetually restraining defendants from going upon, or interfering with the ground in dispute.

Defendants appeal.

*Reardan & Smith,* for Appellants.

*J. O. Goodwin,* for Respondents.

COPE, J. delivered the opinion of the Court—FIELD, C. J. concurring.

The parties to this action are mining companies, and are the owners of claims situated upon opposite sides of the same hill.  It is alleged in

the complaint that the defendants are in possession of ground belonging to the plaintiffs, and constituting part of their claims, and restitution of the possession, and an injunction, are prayed for. The defendants admit that they are in possession of the ground described in the complaint, but deny the title of the plaintiffs, and set up title in themselves. The plaintiffs are an ordinary joint stock company, or common partnership, and claim to have acquired their interests by purchase and transfer from the original members of the company. On the trial of the case it was shown to have been the practice of the company to issue to members what were called certificates of stock, and it was further shown that these certificates constituted the only evidence of membership recognized by the company. Transfers were effected simply by assignment of the certificates, and a notice thereof in the books of the company. These certificates, with the assignments indorsed thereon, were produced and read in evidence, for the purpose of showing the interest of the plaintiffs, and their right to maintain the action. Their introduction was objected to on the ground of irrelevancy, and also on the ground that no proof was made of their execution. The first ground of objection is certainly inadmissible. The plaintiffs could rely for a recovery either upon title or possession, and upon the question of possession the certificates were competent and proper evidence. We think, however, that their execution should have been shown, and that the objection on this ground was well taken, and should have been sustained.

The instructions asked by the plaintiffs were erroneous, and should have been refused. The fact that the claims of the plaintiffs were first located, was not of itself sufficient to entitle them to recover. What was meant by the term *location*, is not very clear, but it must have been used with reference to some mining regulation, and not in the sense of possession acquired by occupation. The defendants were, and for a long time had been, in possession of the ground, and actually engaged in mining upon it; and until a prior and paramount right was shown to exist in the plaintiffs, they could rest securely upon their possession, and were not required to show anything beyond it. It was not essential to the protection of their possession that they had ever made a formal location of their claims. These instructions are in conflict with the principle that a plaintiff in ejectment must recover upon the strength of his own title, and not upon the weakness of that of his adversary.

Judgment reversed, and cause remanded for a new trial.