[No. 18096.    Department One. — March 24, 1893.]

## I. S. ESHLEMAN, APPELLANT, v. HENRIETTA VINEYARD COMPANY ET AL., RESPONDENTS.

VENDOR AND PURCHASER — CONTRACT OF SALE — REJECTION OF TENDER OF DEED — CONVEYANCE TO THIRD PERSON — RESCISSION — SPECIFIC PERFORMANCE. — Where, by the terms of a contract for the conveyance of land, the vendor agreed to convey, and the vendee agreed to purchase the land if the vendor was the owner thereof, and his title could be proven by the records, and the vendor agreed to accept such conveyance when tendered to him within a reasonable time after it should be ascertained that the vendor was the owner of the land, and where, in an action by the vendee for a specific performance of the contract, it appeared that the vendor, on a subsequent date, was the owner of the land, and able to convey it to the vendee, free of encumbrances, and offered on that date so to do, and tendered a deed thereof, but the vendee then refused to take the land and pay for it, for reasons other than a defect in the title, the vendor had a right to consider the contract as terminated, and to convey the land to another, and a subsequent offer by the vendee, made after the land had been conveyed to another, to take the land and pay for it, could not give the vendee the right to a conveyance under the contract.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order denying a new trial.

The facts are stated in the opinion.

*Edward Lynch,* for Appellant.

*W. D. Tupper,* for Respondents.

SEARLS, C. — Appeal from a final judgment in favor of defendants, and from an order denying a motion for a new trial.

The action was brought to enforce the specific performance of a contract for the conveyance of land based upon the following agreement: —

"This agreement, made the twenty-first day of January, 1886, between the Henrietta Vineyard Company, a corporation, party of the first part, and I. S. Eshleman, of the county of Alameda, state of California, party of the second part, —

"Witnesseth: Whereas the party of the second part has this day purchased certain lands of the party of the first part, situate in section 16, township 14 south, range 21 east, amounting to about one hundred acres; and

"Whereas part of said section 16, to wit, the southeast quarter of the northwest quarter of said section is in dispute, that is to say, the party of the first part insists that he owns said quarter of said quarter-section, and the party of the second part is in doubt, —

"Now, therefore, it is agreed and understood that if the party of the first part is the owner of said quarter of said quarter-section, and the same can be demonstrated by the records of the county of Fresno, state of California, then the said party of the second part hereby covenants, promises, and agrees to and with the party of the first part that he, the said party of the second part, will purchase said quarter of said quarter-section, and the party of the first part covenants and agrees that he will sell and convey, by good and sufficient deed, to said party of the second part, the said southeast quarter of said northwest quarter of section 16, comprising about forty acres of land, at and for the price of $41.66⅔ per acre, and that he will accept said conveyance when

tendered to him within a reasonable time after it shall be ascertained that the party of the first part is the owner of said quarter of said quarter-section of land.

"In witness whereof we have hereunto set our hands and seal this twenty-first day of January, 1886.

"HENRIETTA VINEYARD CO.

"G. H. MALTER, Pres.

"I. S. ESHLEMAN.

"Witness: MINNIE D. ESHLEMAN."

The theory of the complaint is, that at the date of the foregoing agreement, the corporation defendant claimed to own the land agreed to be conveyed, but that at that time, and for a long time subsequent thereto, several other persons also claimed, or appeared of record to claim, interests, estates, and liens in and to and upon said land adversely to the corporation; that on the twenty-eighth day of October, 1887, the corporation could have conveyed the land free and clear of encumbrance, and offered to do so; that on or about November 5, 1887, plaintiff accepted the offer of a conveyance, tendered the price agreed to be paid, and demanded a deed; that on the twenty-fifth day of January, 1888, the corporation defendant refused, and has since refused, to convey the land.

The further allegations of the complaint are mainly ancillary to this general statement.

The answer negatives many of the allegations of the complaint, and avers, in substance, that as early as February, 1886, it was able and willing to convey the land by good title free from encumbrance, and thenceforth, and up to November 5, 1887, repeatedly offered to convey, but that the plaintiff refused to accept a conveyance and pay for the land.

The defendant corporation admits an allegation of the complaint, that on the 14th of November, 1887, it conveyed the land to one Karl Sheffler, but denies that it was so conveyed to defeat plaintiff's claim.

The agreement and evidence, taken together, show that the corporation defendant had previously sold to

plaintiff and his daughter a very considerable tract of land, in which the forty-acre tract involved in this action was included, but which was not conveyed, by reason of the title being in doubt. Thereupon the agreement in this case was made.

In selling another tract of land by the corporation defendant to one E. R. Holton, a mistake had been made in the deed, and this forty acres described instead of the land actually sold, and a mortgage had been given back by Holton, containing the same mistaken description.

This mistake was remedied on the 13th of February, 1886, by a reconveyance of the land in question here, and on the same day satisfaction of the mortgage by the corporation defendant, by its president, was acknowledged on the margin of the record of said mortgage. A regular release of the same mortgage, dated April 28, 1887, was recorded January 11, 1888.

2. The land in question had also been sold for taxes levied upon an assessment against George H. Malter, individually (but who was president of the corporation defendant), for the fiscal year 1884 and 1885, and the tax certificate at the date of the agreement was held by one Henry Horstman.

There was evidence tending to show that this tax matter, which related as well to other lands sold to plaintiff, was adjusted about the time of the execution of the agreement of January 21, 1886, but in what precise manner is not clear.

On September 26, 1883, the sheriff of Fresno County levied a writ of attachment on the land in question, in an action in which the Llewellyn Steam Condenser Manufacturing Company was plaintiff and George H. Malter *et al.*, copartners under the name of Malter, Lind & Co., were defendants, which attachment was not released until November 22, 1888.

The cause was tried by the court without the intervention of a jury. The findings were in favor of the defendants.

It is objected that the evidence is insufficient to support the third finding of the court, which is in the following language: "That on the twenty-first day of January, 1886, said corporation was the owner of the land described in said agreement."

If by this finding the court meant to say that on that day the corporation was vested with the legal title, it is not technically correct. The title on that day, and until February 13, 1886, stood in Holton, under the deed to him, in which, by mistake, the tract of land in question was described, instead of that which had actually been sold to him.

On the last-named day, it was conveyed by Holton to the corporation, as hereinbefore stated, and at the same time the Holton mortgage was satisfied on the margin of the record.

There was also evidence tending to show that the Horstman tax lien, which covered other land purchased by plaintiff from the corporation defendant, was cleared up and the tax certificate assigned to plaintiff or a deed given to him by Horstman at or about the date of the execution of the agreement.

The levy of the attachment against Malter, Lind & Co. upon this land, the title to which was in the corporation, created no cloud upon the title.

The levy of an attachment against A upon the land of B gives no lien thereon, and creates no cloud upon the title of B. (*Pixley* v. *Huggins*, 15 Cal. 135.)

When a deed from the corporation defendant was tendered to the plaintiff by the witness McPike, it appears that he made no objections on the score of title, but declined to accept the deed, upon the ground that the land was "hog-wallow land, and that he would not take it; had made up his mind that he had land enough down there," etc. Similar expressions are shown to have been used, when, at a later period, the witness Ashdown tendered the deed to plaintiff. Indeed, it is apparent from plaintiff's own testimony that he did not, at the date of

the contract, want the land in question, and only agreed to take it on a compromise and to have peace.

As the title to the land was perfected before a tender of the deed was made, it is not regarded as important that it was at a date later than that mentioned in the finding. The right to have the title when he received the deed was the substance of what he could claim.

We may, however, admit that the earlier efforts of the corporation defendant to convey the property to plaintiff were futile, by reason of defects in the title which would have prevented a complete title vesting in the latter.

It is admitted in the complaint that on the twenty-eighth day of October, 1887, the corporation defendant was the owner of the land, and was able and could have freed it from all adverse claims, and could have conveyed it free from encumbrance, and that at said date it notified plaintiff that it was ready and willing to do so, etc.

The complaint then proceeds to aver that within a reasonable time thereafter, to wit, on or about November 5, 1887, plaintiff offered to perform, and demanded a deed, etc.

The finding of the court negatives the offer of performance on the part of plaintiff, and is supported by evidence. This seems conclusive of the whole case.

In this view, the sufficiency of the evidence to support the finding that plaintiff's cause of action was barred by the statute of limitations need not be discussed.

A finding upon the offer of plaintiff made January 25, 1888, to take the land and pay for it was immaterial. Having been requested to do so in October, 1887, and having neglected so to do, the defendant had a right to consider the contract terminated. That it did so consider is evidenced by its conveyance of the land to another on the fourteenth day of November, 1887, for the purpose of raising money thereon.

The rulings of the court on the admission and rejection of evidence are not of sufficient importance to vary

the result, and as the judgment and order must be affirmed, what might be said as to these rulings is not important. It is only where a new trial is granted that the views of this court upon questions of law, of no general interest to the profession, become important, as serving to guide the lower court in a retrial of the cause.

The judgment and order appealed from should be affirmed.

BELCHER, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

GAROUTTE, J., PATERSON, J., HARRISON, J.